BOOT & SHOE MANUFACTURERS' MUTUAL FIRE INSURANCE COMPANY *vs.* MELROSE ORTHODOX CONGREGATIONAL SOCIETY.

Middlesex, Jan. 20. — Feb. 12, 1875. AMES & ENDICOTT, JJ., absent.

The by-laws of a mutual fire insurance company provided that "in all cases of the total loss of property insured the directors may require security for the payment of the deposit note, which shall be liable for its just proportion of losses, till its full expiration;" and "any policy may be surrendered at the discretion of the insured; and in case of such surrender, the deposit note shall be liable to assessment for a just proportion of all losses and expenses during its continuance, and for no more; but until the surrendered policy is returned to the office, the deposit note shall be held liable to assessment for its just proportion of loss and expense." A member of the company suffered a total loss of a building insured, received the full amount of the loss and surrendered his policy. The company retained the note. *Held,* that the insured was liable for the note and for an assessment for losses incurred during the full term of the policy.

CONTRACT for the amount of a premium note and assessments thereon. Trial in the Superior Court, before *Lord,* J., who allowed a bill of exceptions in substance as follows :

On December 1, 1868, the plaintiff issued to the defendant a policy of insurance for $2000 for the term of five years, and the defendant paid a cash premium of $60, and gave a premium note of $180. In February, 1869, the building insured by the defendant was totally destroyed by fire, and on or about April 19 following the plaintiff paid the defendant the full amount insured, reserving nothing therefrom on account of the premium note. At that time the defendant gave up or surrendered the policy to the plaintiff, and gave a receipt in writing thereon for the $2000. The premium note was retained by the plaintiff, and there was no demand made for it by the defendant. The plaintiff was rendered insolvent by the fire of November 9 and 10, 1872. The assessment in this case was made in February, 1873.

The following by-laws of the defendant were put in evidence :

" In all cases of the total loss of property insured the directors may require security for the payment of the deposit note, which shall be liable for its just proportion of losses, till its full expiration.

" Any policy may be surrendered at the discretion of the insured ; and in case of such surrender, the deposit note shall be

liable to assessment for a just proportion of all losses and expenses during its continuance, and for no more; but until the surrendered policy is returned to the office, the deposit note shall be held liable to assessment for its just proportion of loss and expense."

Upon this evidence, the judge ruled that the defendant had no defence; to which the defendant excepted, and asked the judge to rule as follows:

" 1. That a contract for insurance is ended by the payment of a total loss under it, the risk terminated, and all liability of either party on account of it then ceases. 2. That by the termination of the risk, and payment of a loss under a policy of insurance in a mutual company, the insured ceases to be a member of the company. 3. That by the surrender of a policy by the insured, and its acceptance by the company on an occurrence of a total loss, and the insured receipting thereon for the whole amount insured, the policy is cancelled, and a membership is thereby terminated."

The judge refused so to rule, and ruled that the surrender of the policy by the assured might or might not terminate the membership and liability of the assured, that it depended upon the intent of the parties; that in a mutual office the member is not only entitled to recover for a loss during any time within the limit of his policy, but he is also liable to his proper share of contribution to all others who lose during the term of his policy; and although by agreement between the parties, membership may cease earlier, or the policy be cancelled so as to stop membership and liability of the assured, yet that the receipt of a total loss, which is acknowledged upon the policy, and the policy passed over to the office with no agreement in reference thereto, and with no deduction from the assured amount on account of future losses during the term of insurance, the premium note being retained by the company, is not of itself such a surrender of the policy as in law terminates the liability of the assured upon his note. The jury found for the plaintiff; and the defendant alleged exceptions.

*E. P. Smith*, for the defendant.

*W. B. Stevens*, for the plaintiff.

WELLS, J. The rulings at the trial were entirely correct, and in accordance with the principles of law as announced by this

court in *Commonwealth* v. *Massachusetts Insurance Co.* 112 Mass 116 ; and *Cumings* v. *Sawyer, ante,* 30. The by-law relating to the surrender of policies does not apply to cases where the assured has suffered a total loss.

Upon the facts stated in the bill of exceptions, the judge rightly ruled that the defendant could maintain no defence to the action.

*Exceptions overruled.*