### HENRY AMY *vs.* JEROME F. MANNING.

Suffolk.   March 29, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Equitable Attachment — Receiver — Assignment of Chose in Action — Non-resident — Discovery by Interrogatories.*

A creditor sought to reach and apply in payment of his debt moneys due from various persons to his debtor, who was a resident of this Commonwealth, or was found here, by a bill in equity under the Pub. Sts. c. 151, § 2, cl. 11, and the St. of 1884, c. 285, for the appointment of a receiver and for the assignment of such debts to the receiver for his benefit; but he did not name such persons or particularly describe the debts in the bill, nor did he attempt at the hearing specifically to describe the debts or seek to find out or offer to prove who the persons were, beyond the fact that they were non-residents. *Held*, that the bill was rightly dismissed.

BILL IN EQUITY, filed October 20, 1887, under the Pub. Sts. c. 151, § 2, cl. 11, and the St. of 1884, c. 285, to reach and apply in payment of a debt due to the plaintiff from the defendant, an attorney at law, sums of money alleged to be due to the defendant from various persons for his fees in prosecuting their claims before the Court of Commissioners of Alabama Claims.

The defendant demurred to the bill, among other things, for want of equity. Hearing upon the bill, answer, and an offer of proof by the plaintiff, before *W. Allen*, J., who dismissed the bill, and reported the case for the consideration of the full court. The material facts appear in the opinion.

*J. M. Hall*, for the plaintiff.

*C. Cowley*, for the defendant.

FIELD, J. The plaintiff's case as stated in the bill is, in substance, that he has recovered a judgment against the defendant, on which execution has been issued, which has been returned unsatisfied; that there are large sums of money due to the defendant from various persons for his fees in prosecuting their claims before the Court of Commissioners of Alabama Claims; that most of these claims have been allowed, and in some of the cases United States Treasury drafts payable to the claimants have been sent to the defendant for the payment of the claims, which the defendant refuses to deliver to the claimants; that, by reason of the improper conduct of the defendant, the drafts remain uncollected, and the sums of money due him for fees remain unpaid, and he has become involved in many lawsuits; that these debts due to the defendant constitute the only property which he has which can be applied to the payment of his debts; and that the defendant is incapable of properly managing his affairs, and there is danger that this property will be wasted. The prayer of the bill is, that the defendant may be enjoined from collecting any of these debts, and may be compelled to assign them to a receiver; that a proper person may be appointed receiver to collect the debts, and that the proceeds may be applied to the payment of the plaintiff's judgment. There is also a prayer for discovery and for general relief.

The persons who are indebted to the defendant are not named in the bill, or described in any manner, but the plaintiff offered to prove, as recited in the report, that they "lived in all parts of the United States and in foreign countries, viz. Russia, West Indies, France, and Spain." It is not alleged, and the plaintiff did not offer to prove, that the defendant had a lien on the drafts to secure the payment of the debts due to him; but if he had such a lien, the drafts could not be taken and applied to the payment of the plaintiff's judgment, unless the debts for the

payment of which they are security could also be so taken and applied. It is apparent that the bill states some reasons why a guardian should be appointed over the defendant, or why the defendant should go into insolvency, and an assignee of his estate be appointed; but neither of these things can be done by proceedings in equity. The bill in effect asks the court to compel the defendant to make a general assignment of all debts due to him, that the assignee may collect them for the benefit of the plaintiff.

Whatever may have been the practice in the State of New York before the enactment of any statutes on the subject, it has never been considered in England or in this Commonwealth within the general powers of a court of equity to compel a general assignment of all the property, or of all the choses in action, of a debtor in a suit brought by a judgment creditor to collect his judgment. There are statutes here which authorize the appointment of receivers in certain cases, and a court of equity may undoubtedly appoint receivers in cases not enumerated in the statutes; but no precedent has been found here for the appointment of a receiver to collect debts due to a defendant from persons in foreign jurisdictions, in a suit brought by a judgment creditor against his debtor under the general equity jurisdiction. Without the aid of statutes, the title to such choses in action belonging to the defendant would not pass to a receiver by virtue of his appointment; nor would a receiver, as such, have authority to bring suits on choses in action in foreign jurisdictions. *Harvey* v. *Varney*, 104 Mass. 436. *Booth* v. *Clark*, 17 How. 322. *Brigham* v. *Luddington*, 12 Blatchf. 237. *Yeager* v. *Wallace*, 44 Penn. St. 294. High on Receivers, §§ 209, 239.

Whether this suit can be maintained must, therefore, depend upon the construction of the Pub. Sts. c. 151, § 2, cl. 11, and of the St. of 1884, c. 285. See *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad*, 148 Mass. 411. Before the passage of the statute of 1884, this suit could not have been maintained, because the debtors of the defendant have not been made parties. *Phœnix Ins. Co.* v. *Abbott*, 127 Mass. 558. This statute expressly provides, in § 1, that the fact " that the property sought to be reached and applied is in the hands, possession, or

control of the debtor independently of any other person, or that it is not within the State," shall not prevent the plaintiff from maintaining his bill. Under this statute it has been held that such intangible property as letters patent in the possession of the debtor can be reached without making any other person a party to the suit, and both before and since its passage promissory notes have been reached by this process without making the makers of the notes parties. *McCann* v. *Randall,* 147 Mass. 81. *Wilson* v. *Martin-Wilson Co.,* ante, 24.

Whether debts due to inhabitants of this Commonwealth, or to persons found here, from persons who are not resident within the Commonwealth and do not have a usual place of business here, and who are not made parties to the suit, can be reached in a suit in equity brought here when the debts are not in the form of promissory notes, or other negotiable instruments, is a question of some difficulty. Such debts due from persons who are resident within the Commonwealth, or have a usual place of business here, can usually be reached by creditors of the persons to whom they are due by trustee process, and this is the only remedy in cases where it can be used. Pub. Sts. c. 183, § 1. *Emery* v. *Bidwell,* 140 Mass. 271. Debts due from non-residents are, in their nature, property which according to our laws can be attached in a suit at law, and it is only in a qualified sense that they can be said to be property in the possession of the person to whom they are due. The only reason why they cannot be attached at law in this Commonwealth is, that they are due from persons who have no place of residence or usual place of business here. Unless the persons who owe them choose voluntarily to pay them, they must be collected in jurisdictions where such persons or their property can be found.

Whether creditors of the person to whom the debts are due, in order to attach them, must go to the jurisdictions where the persons who owe them can be found, or whether an assignment from the person to whom they are due can be compelled by a court of equity having jurisdiction over him, is the question presented. If it is the intention of the statutes that such debts due to an inhabitant of the Commonwealth, or to a person found here, can be reached by his creditors in a suit in equity brought here, the procedure contemplated in this bill is undoubtedly the

only one that would be effectual, unless the persons who owe the debts become parties to the suit. Such debts must either be sold under the direction of the court, and assigned to the vendee, or they must be assigned to some person appointed by the court to collect them, and the proceeds of the sale, or of the collections, must ·be applied to the payment of the debt due to the plaintiff.

We do not, however, feel called upon to decide in this case whether such debts can be reached by this procedure, because, if they can be, we are of the opinion that they must be specifically described and assigned. The equitable attachment made by a suit in equity ought to be as specific as an attachment of personal property at law, so far as the nature of the property will permit. Not only the nature of the debts, but the persons who owe the debts, should be described, that the court may, if it sees fit, order notice to be·given to them. If a sale is made, or an assignment is executed, under an order of the court, the property sold or assigned ought to be identified. In our opinion, the statutes do not intend that the court should order a general assignment of all debts due to the defendant, or of all debts of a particular description, without knowing what they are and from whom they are due.

It is true, that in a bill of this kind a plaintiff may have need of a discovery from the defendant in aid of the relief he seeks. Before the passage of the St. of 1883, c. 223, that discovery might be had in the answer of the defendant. Since the passage of this statute, by the provisions of § 10, if the bill asks for relief, the answer cannot be sworn to, and discovery can only be had by interrogatories to the defendant, as in actions at law. The plaintiff in this case has not filed such interrogatories to obtain from the defendant any information of the names of the persons who are indebted to him, or of the amounts which are due from each. He has not offered to amend his bill so as specifically to describe the debts which he desires to reach. Apparently he did not offer to prove the names of the persons from whom the debts were due. Whatever may be the construction to be given to our statutes with reference to the right of a creditor to reach debts due from persons resident without the Commonwealth to his debtor who is found here, we think

that the case which the plaintiff stated, and which he offered to prove, is too broad and general, and that on the hearing the bill was rightly dismissed.   Whether the bill would have been held bad on demurrer need not be considered.   The other objections of the defendant have become immaterial.

*Decree affirmed.*