HENRY W. WILSON *vs.* FRANCIS C. WELCH.

Suffolk.   March 28, 1892. — June 24, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Suit by Receiver — Findings of Single Justice — Bond — Decree.*

While the receiver of a corporation appointed by a court of equity cannot bring
suits in his own name to recover property of the corporation never in his posses-
sion unless authorized so to do by statute, or by a decree of a competent court,
or unless the title of the property has been conveyed to him, yet if there is no
other objection to the maintenance of a bill in equity, it may be amended by
substituting the name of the corporation for that of the receiver.

The objection of the defendant in a bill in equity was that no proceedings had been
taken to ascertain whether certain parties from whom a bond had been taken
by replevin, or any other person, had any claim to the bond, and that no decree
should be entered until this had been done. *Held*, that, in the absence of any
report of the evidence on the finding of fact of the justice who heard the cause,
the court could not say that the objection was not properly overruled.

If it is not contended that the decree appointing a receiver required him to give a
bond, then the fact that he has not given one is no defence to a suit brought by
him.  Any person interested can apply to the court to have him give one, if
thought necessary,

On a bill in equity, brought by a receiver of a corporation to obtain a fund and its
accumulations held by a trustee of the bondholders of the corporation as substi-
tuted security for a bond which had been lost, the justice found that more than
twenty years had elapsed after the maturity of the bond and before the filing of
the bill, and that the bond was in the possession of the receiver, no other per-
son having any interest therein, and decreed that the trust be terminated and
that the defendant pay over to the plaintiff the original amount with accumu-
lations, less his reasonable fees and expenses.  *Held*, that, unless the parties
could agree upon the amount for which the defendant was chargeable, the decree
should be slightly changed by requiring that an account should be taken of the
condition of the fund, and of any losses or interest or profits for which the
defendant was chargeable, and of all allowances that should be made to him, and
that when the balance for which he was chargeable was ascertained he should
be ordered to convey the securities and the money for which he was chargeable
to the receiver.

BILL IN EQUITY, filed on September 14, 1891.  The bill al-
leged that certain parties were by a decree of this court, dated
March 10, 1870, appointed receivers of the estate and property of
the East Boston Ferry Company, and authorized to liquidate its
affairs, and to pay the balance remaining thereafter to the stock-
holders of the corporation, and that they duly discharged their

duties in the premises; that by an indenture, dated July 16, 1866, the company conveyed all its assets to certain parties in trust, to permit the corporation to hold the same until default in the payment of the interest on or principal of certain bonds which said corporation had authorized to be issued in its name to the amount of one hundred thousand dollars, payable in five years from July 16, 1866; that the bonds were duly issued to the authorized amount, but that one of them for the sum of five thousand dollars with the coupons attached for the interest at the rate of six per cent per annum was never issued or negotiated by the corporation, but was lost in some unknown manner on or about October 13, 1866, and was not discovered until some time in the early part of the year 1884, when it was found in the possession of Kate Ottiwell and Edward B. Goodwin, of Boston; that the interest on the remainder was paid as it became due, and the coupons were taken up and cancelled, and that on or about April 1, 1870, the principal, ninety-five thousand dollars, was paid, and all the provisions and trusts of the indenture were complied with, except so far as there might be any liability to pay the principal and interest of the lost bond of five thousand dollars to any *bona fide* holder for value; that the trustees, at the request of the receivers, released to the corporation the premises and property assigned and granted by the indenture, and all the rights of the trustees therein under the same, and accepted from the receivers the sum of sixty-five hundred dollars, being part of the proceeds of the sale of the property and assets of the corporation, to be held by the trustees as substituted security upon the same trusts as those upon which the trustees held the property assigned to them by the indenture, as far as applicable, and until such time as such bond and coupons were paid, or the right of any holders thereof, if such there were, was extinguished; that the doings of the receivers were reported to and approved by this court; that the sixty-five hundred dollars, and the interest accrued thereon, have ever since been and still are held under the trusts as security for the payment of the lost bond and coupons, by Francis C. Welch, the surviving trustee; that Ottiwell and Goodwin made no claim of title to the bond, but did claim that they had paid out certain money on account thereof; that an action of replevin was brought against them by

the receivers, and settled by the payment to them of two hundred dollars, the surrender by them to the receivers of the bond and its coupons, and by the entry of a judgment for the receivers without costs, and of judgment satisfied; that no holder of said bond and coupons had ever made any demand for payment thereof; that a period of more than twenty years had elapsed since its date and execution; that the receivers had collected all the assets of the corporation, paid all its debts, and wound up its affairs, except the trust in question, and the adjustment of the claim of one Whittemore for alleged services; see case of *In re Whittemore, ante,* 46; and that by a decree of this court, dated August 11, 1891, the plaintiff was appointed receiver of the company to succeed the original receivers, who were all deceased.

The prayer was for an account of the fund and its accumulations, and of the amount due the defendant for his services and disbursements, and for an order that the defendant be directed to turn over to the receiver the fund and its accumulations, less such charges and disbursements.

The principal allegations in the answer were that the plaintiff had no right to sue in his own name, and that relief could only be sought by a bill in the name of the East Boston Ferry Company; that Francis E. Parker, Edward D. Sohier, and Samuel C. Cobb were, when appointed by a decree of this court receivers of the East Boston Ferry Company, exempted, with the consent of all parties, from giving any bond; that the defendant was ignorant whether the plaintiff, appointed by a decree of this court on August 11, 1891, to succeed the above named receivers, had ever given any bond or security; that the defendant was ignorant whether Ottiwell and Goodwin made no claim of title to the said bond, and what claims they did make, and whether and in what manner their respective claims were settled and the said replevin action was disposed of, and whether any *bona fide* holder of the said bond has ever appeared; and that the fund in the defendant's hands ought not to be distributed among the stockholders of the said Ferry Company, or taken out of the possession of this defendant, without a previous inquiry in this court, or under its direction, whether the said Kate Ottiwell and Edward Goodwin, or either of them, or any other person or per-

sons, have any interest in or title to the said bond or the said trust fund.

Hearing before *Barker*, J., who, having found that more than twenty years had elapsed since the maturity of the bond and before the date of the filing of the bill, and that the bond was in the possession of the plaintiff, no other person having any interest therein, made the following decree: " That the defendant's trust described in said bill be and the same is hereby terminated, and the defendant is hereby ordered to pay over to the plaintiff the amount held by him as such trustee, to wit, a principal sum of $6,500, with all its accumulations, less only his reasonable fees and allowance as trustee, and any reasonable expenses incurred by him in the execution of his trust, and that in case of any controversy as to the defendant's account either party might apply for further relief."

The judge reported the case for the determination of the full court, upon the question whether his rulings and decree were correct, such decree to be entered as the case might require.

*J. O. Teele*, for the plaintiff.

*M. Storey & J. L. Thorndike*, for the defendant.

FIELD, C. J. Although the practice in this Commonwealth has not been uniform, (see *Farmers & Mechanics' Bank* v. *Jenks*, 7 Met. 592, *Boot & Shoe Manuf. Ins. Co.* v. *Melrose Congregational Society*, 117 Mass. 199, *Sohier* v. *Lamb*, 134 Mass. 275, and *Parker* v. *Nickerson*, 137 Mass. 487,) we consider the law to be that a receiver of a corporation appointed by a court of equity cannot bring suits in his own name to recover property of the corporation which has never been in his possession, unless he is authorized so to do by statute, or by the decree of a court competent to give him such authority, or unless the title to the property has been conveyed to him. Courts of equity cannot transfer the title to property by decree unless authorized by statute, although they can compel the defendant to transfer the title. *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 151 Mass. 515. The principal suit in which the receiver was appointed is *Daniell* v. *East Boston Ferry Co.*, pending in the county of Suffolk, and it has never been before the full court. Suits by the receivers originally appointed, or their successors, have been considered by the full court, and they have been brought in the name of the

receivers, but no objection was made to this. *Sohier* v. *Lamb,* and *Parker* v. *Nickerson, ubi supra.* An examination of the papers in the suit shows that the receivers were not appointed pursuant to Pub. Sts. c. 105, § 42, as the case is not within the provisions of that section, and it is unnecessary to consider what is meant by the words, " with power to prosecute and defend suits in its name or otherwise," contained in that section. The decree appointing the original receivers or the petitioner does not in terms authorize the receivers to bring suits in their own name, and we are not called upon to determine whether a court of equity, acting only under its general equity powers, can give such authority or not. *Amy* v. *Manning,* 149 Mass. 487. *Davis* v. *Gray,* 16 Wall. 203. *Yeager* v. *Wallace,* 44 Penn. St. 294. *In re Sacker,* 22 Q. B. D. 179. *Battle* v. *Davis,* 66 N. C. 252. High on Receivers, § 210 *et seq.*

If, however, there is no other objection to the maintenance of the present bill, it may be amended by substituting the name of the East Boston Ferry Company for that of the receiver. *Merchants' Bank* v. *Stevenson,* 7 Allen, 489. *Byers* v. *Franklin Coal Co.* 106 Mass. 131. *Buckland* v. *Green,* 133 Mass. 421. *Costelo* v. *Crowell,* 134 Mass. 280. *Pierce* v. *Charter Oak Ins. Co.* 138 Mass. 151. Pub. Sts. c. 167, § 42. St. of 1883, c. 223, § 17.

This suit was instituted for the same purpose as that of *Sohier* v. *Lamb, ubi supra.* Then twenty years had not expired from the maturity of the bond, and the bond was supposed to have been lost. When the present suit was brought, more than twenty years from the maturity of the bond had expired, and the defendant admits that in 1884 the receivers obtained possession of the bond by replevin. This cause was heard upon evidence, and the decree recites that certain things appeared as matter of fact, one of which is, " that said bond is now in the possession of the plaintiff, no other person having any interest therein." The evidence has not been reported, and this finding must be taken to be true. The objection of the defendant is, that no proceedings have been taken to ascertain whether one Ottiwell or one Goodwin, from whose possession the bond had been taken by replevin, or any other person, has a claim to the bond, and that no decree should be entered until this has been done. Whether such proceedings should be taken must be left

to some extent to the discretion of the justice who hears the case, or an application for such an order of inquiry, if any is made. It may be that at the hearing it was so clear on the evidence that no person could have a valid claim to the bond as an outstanding obligation of the Ferry Company, that the inquiry suggested was unnecessary. In the absence of any report of the evidence on the finding of fact of the justice who heard the cause, we cannot say that this objection was not properly overruled.

The fact that the complainant has not given a bond is not a defence to this suit. Any person interested can apply to the court to have this done, if thought necessary; but it is not contended that the decree appointing him receiver was on condition that he should first give a bond, or that it required him to give a bond. There should be some slight change in the form of the decree, unless the parties agree upon the amount for which the defendant is chargeable. An account should be taken of the condition of the trust fund, and of any losses or interest or profits for which the defendant is chargeable, and of all allowances that should be made to him, and, when the balance for which he is chargeable is ascertained, he should be ordered to convey the securities and the money for which he is chargeable to the East Boston Ferry Company, and to deliver them to the complainant as receiver.

Upon substituting the East Boston Ferry Company as complainant for the receiver, a decree is to be entered for the plaintiff, declaring the trust terminated, and ordering the defendant to convey the property for which he may be found justly chargeable to the plaintiff. The form of the decree may be settled by a single justice.

*So ordered.*