### EDWARDS v. NATIONAL WINDOW GLASS JOBBERS' ASS'N.

(Circuit Court, D. New Jersey. July 11, 1905.)

RECEIVERS—AUTHORITY TO SUE IN ANOTHER JURISDICTION.

A receiver appointed by a federal court for a corporation, but not shown to have been vested with title to its property or rights in action, cannot be authorized by such court to maintain a suit in a federal court of another jurisdiction on a cause of action in favor of the corporation.

At Law. On demurrer to declaration.

Vreeland, King, Wilson & Lindabury, for plaintiff.

Frank P. McDermott and Theodore W. Morris, Jr., for defendants.

CROSS, District Judge. This matter is before the court on demurrer to the declaration. The action is brought to recover threefold damages under the act of July 2, 1890, c. 647, "An act to protect trade and commerce against unlawful restraints and monopolies," 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]. The declaration contains two counts, against each of which a large number of grounds of demurrer have been assigned. In the view we take of the matter, it will be necessary, however, to consider such only as

raise the question of the power of the plaintiff to bring his action in this jurisdiction. This is a vital question, to which all of the others are subordinate. The authority of the receiver to sue is set forth in the following terms: "Francis M. Edwards, a citizen of the state of Massachusetts, and an inhabitant thereof, receiver of Wheeler Stenzel Company, a corporation duly organized and existing under and by virtue of the laws of the state of Massachusetts, and a citizen and inhabitant of said Massachusetts, having been appointed as such receiver by a decree of the Circuit Court of the United States for the District of Massachusetts, made and entered therein on the 4th day of August in the year of our Lord 1903, in said court duly qualified, and by a decree thereof duly authorized and empowered to bring this suit." In the consideration of this question, every intendment must be taken most strongly against the pleader. We cannot imply, much less supply, anything in his favor. The question is not whether the corporation itself could maintain this suit, or whether an assignee or trustee or receiver vested with title to all its property and choses in action could maintain the suit. So far as appears, the plaintiff has no title whatever to this right of action. We may assume that he was appointed under the general equity powers of the circuit court of Massachusetts, but this is as far as the assumption can go. We cannot assume that the corporation of which the plaintiff is receiver is being dissolved, and that the receiver has title to its assets, property, and things in action for the purpose of collection and distribution. The question for determination therefore is whether a foreign receiver, regardless of his character or powers, can be authorized to bring this suit by the decree of a court of another jurisdiction. "A receiver derives his authority from the act of the court appointing him, and not from the act of the parties at whose suggestion or by whose consent he is appointed; and the utmost effect of his appointment is to put the property from that time into his custody as an officer of the court for the benefit of the party ultimately proved to be entitled, but not to change the title, or even the right of possession, in the property." Union Bank v. Kansas Bank, 136 U. S. 223, 236, 10 Sup. Ct. 1013, 34 L. Ed. 341. The burden was upon the plaintiff to show that he had power to maintain his action. His power will not be presumed. Great Western Mining and Manufacturing Company v. Harris, 128 Fed. 321, 63 C. C. A. 51; Hilliker v. Hale, 117 Fed. 220, 54 C. C. A. 252.

There is no statute of the United States which can be invoked to show such power in this receiver, nor is there any statute in Massachusetts, so far as has been disclosed, which confers title upon a receiver. On the contrary, the decisions of the courts of that state show that his appointment does not confer title upon him. Amy v. Manning, 149 Mass. 487, 21 N. E. 943; Wilson v. Welch, 157 Mass. 77, 31 N. E. 712. There are numerous decisions which tend to show what the powers of a receiver appointed by a United States court are. In the case of Great Western Mining and Manu-

facturing Company v. Harris, supra, it was held that a receiver appointed by the United States Circuit Court of Kentucky could not sue in the United States Circuit Court in New York, either in his own name or in the name of the corporation.    The court says:

"In Hale v. Allinson, 188 U. S. 56, 68, 23 Sup. Ct. 244, 47 L. Ed. 380, Mr. Justice Peckham, referring to Booth v. Clark, 17 How. 322, 15 L. Ed. 164, says: 'It was there held that an ordinary receiver could not sue in a foreign jurisdiction, and an elaborate examination was made by Mr. Justice Wayne of the principles upon which the decision was founded.    In speaking of the right of a receiver appointed under a creditors' bill in New York to bring an action in a foreign state, it was said in the course of the opinion as to such receiver: "Whether appointed as this receiver was, under the statute of New York, or under the rules and practice of chancery as they may be, his official relations to the court are the same.    A statute appointment neither enlarges nor diminishes the limitation under his action.    His responsibilities are unaltered.    Under either kind of appointment he has at most only a passive capacity in the most important part of what it may be necessary for him to do, until it has been called by the direction of the court into ability to act.    He has no extraterritorial power of official action; none which the court appointing him can confer with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property; none which can give him, upon the principle of comity, a privilege to sue in a foreign court or another jurisdiction, as the judgment creditor himself might have done where his debtor may be amenable to the tribunal which the creditor may seek."    This statement has not been overruled or explained away by any subsequent decision of this court to which attention has been called.' "

In Hilliker v. Hale, supra, an order was made which in terms authorized the receiver to sue outside of the territorial jurisdiction in which he was appointed.    The court said:

"Without regard to the nature of the claim asserted against the defendant, the plaintiff has no relation to that claim, otherwise than through such order and decree [referring to the decree under which he was appointed]..    He is not the assignee of all or any of the creditors.    He has no title to anything, so far as appears, except to his office of receiver.    The order and decree in terms made him a mere agent of the Minnesota court.    That court undertook to authorize him to sue nonresidents in other jurisdictions.    *    *    *    The Minnesota court thus attempted to send its agent to collect money by suit outside of its jurisdiction, and bring it back to be disposed of as it might direct.    If it had had power to transfer the claim against the defendant to the plaintiff, and had in fact so transferred it, he could assert the title thus acquired, and sue upon such claim here, in accordance with the principles stated in Association v. Rundle, 103 U. S. 222, 26 L. Ed. 337.    Apparently the court had no such power.    Whether it had or not, it did not attempt to exercise it.    It transferred nothing to the plaintiff.    *    *    *    The court could not reach beyond the limits of its jurisdiction through a receiver any more than it could through a marshal or a sheriff"—citing Booth v. Clark, 17 How. 322, 15 L. Ed. 164.

The distinction apparent in all cases is as to whether the receiver has title or whether he is simply appointed an agent or officer of the court under its general equity powers.    In the one case, through comity, he may be allowed to maintain a suit in a foreign jurisdiction, where such a course would not conflict with local policy or the rights of creditors in such jurisdiction; while in the other his powers are limited to the jurisdiction of the court appointing him.    In the case of Wigton v. Bosler (C. C.) 102 Fed. 70, Judge Dallas, in deciding in the case before him that a receiver was not

entitled to sue in a jurisdiction outside of that in which he was appointed, questioned, but did not decide, whether, in view of the decisions of the Supreme Court of the United States, federal courts would in any case, through courtesy or comity, recognize the right of a receiver to sue in a foreign jurisdiction. In Hazard v. Durant (C. C.) 19 Fed. 471, 477, the court (the same that appointed the receiver in the case at bar), following Booth v. Clark, 17 How. 322, 15 L. Ed. 164, "decided that a receiver appointed in one jurisdiction to take charge of a fund cannot sue in another in his own name, though expressly authorized by the decree to maintain action in his own name." Hale v. Allinson, 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380. Inasmuch, therefore, as the allegations of the declaration only show the appointment of the plaintiff as receiver, and that he was authorized and empowered to bring this suit, the demurrer must be sustained. We might add that an examination of the counts shows that they are both radically defective.

The demurrer will be sustained.