### McBRIDE v. ORIENTAL BANK OF NEW YORK.

(District Court, S. D. New York. November 4, 1912.)

COURTS (§ 497*)—RECEIVERS—RIGHT TO SUE IN FOREIGN JURISDICTION—SUIT AS JUDGMENT CREDITOR.

A receiver for a corporation appointed by a state court, who as such has recovered a judgment in his own state, may maintain an action thereon in another jurisdiction as a judgment creditor, and his description of himself in his pleading as receiver may be treated as surplusage.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1386, 1397, 1398, 1404–1406; Dec. Dig. § 497.*

Actions by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.]

At Law. Action by Lawrence C. McBride, as receiver of the Western Bank & Trust Company, Dallas, Tex., against the Oriental Bank of New York. On demurrer to complaint. Overruled.

Krauthoff, Harmon & Matthewson, of New York City, for plaintiff.
Philbin, Beekman, Menken & Griscom, of New York City, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. The plaintiff, receiver of the Western Bank & Trust Company, of Dallas, Tex., recovered a judgment against the defendant, the Oriental Bank of New York, in the district court of Dallas county, Tex., which on appeal to the Court of Civil Appeals was reduced to the sum of $19,244.85, and in that amount affirmed. Upon this judgment the plaintiff has brought an action in this court, describing himself as "Lawrence C. McBride, as receiver of the Western Bank & Trust Company, Dallas, Tex.," and setting out in the complaint his appointment as receiver and the judgment in his favor.

The defendant demurs on the ground that, being a receiver appointed by the court of another state, he cannot maintain this action. This is a well-established general principle. Booth v. Clark, 17 How. 322, 15 L. Ed. 164; Great Western Mining Co. v. Harris, 198 U. S. 561, 25 Sup. Ct. 770, 49 L. Ed. 1163; Hilliker v. Hale, 117 Fed. 220, 54 C. C. A. 252. But the plaintiff, conceding this, contends that a foreign receiver, who is vested with title to a claim, may sue thereon in another state, and he refers to Rolfe v. Rundle, 103 U. S. 222, 26 L. Ed. 337, as an illustration of this. The statute of Missouri had vested the entire property of a dissolved corporation in the superintendent of insurance, and the Supreme Court held he was to be treated as if he were the corporation.

Assuming that a receiver vested with title may sue in a foreign state, the question is whether the plaintiff, upon recovering judgment, did become vested with the title to it, and, if so, whether he is in this case suing as receiver or as judgment creditor. Judge Coxe has fixed the law in this circuit upon this point in Wilkinson v. Culver (C. C.) 25 Fed. 639, holding that in such a case the original cause of action was merged in the judgment, and that the receiver, in suing on the judgment, sued as judgment creditor; the reference to the receivership being merely descriptio personæ, to be treated as surplusage. I will follow this decision.

The second ground of demurrer, viz., that the complaint does not state facts sufficient to constitute a cause of action, depends upon the same contention.

Demurrer overruled.