### UNITED STATES et al. v. O. K. TOOL CO., Inc., et al.

Civ. A. No. 2261.

United States District Court
D. Connecticut.

April 5, 1950.

William B. Waldo, Special Assistant to the Attorney General, and Adrian W. Maher, United States Attorney, District of Connecticut, New Haven, Conn., for the United States.

Morris Tyler, New Haven, Conn., for ancillary coreceivers J. L. Smith and Alfred L. Marshall.

HINCKS, Chief Judge.

As a preliminary to the settlement of the estate of this receivership there is pending a question raised by John Lewis Smith who was appointed (1) receiver of Aerodynamic Research Corp., a District of Columbia corporation, by the United States Court for the District and (2) coreceiver of the O. K. Tool Co., a Delaware cor-

158

poration having a manufactory in this district, by this court in the above-captioned cause.

As sufficiently appears from the complaint herein, a prior action had been brought in the United States District Court for the District of Columbia by the United States to enforce a tax lien upon assets of A.R.C. Jurisdiction of this prior action was supported, not on grounds of diversity, but under the general grant of jurisdiction in 28 U.S.C.A. § 1345 and under the more particular grant of Section 3678(c) of the Internal Revenue Code, 26 U.S.C.A. § 3678(c). The receiver therein appointed was thus a statutory receiver although in aid of the statutory objective by Sec. 3678(c) he was vested with all the powers of an equity receiver. Among the assets of A.R.C. which came into the hands of the receiver appointed in the District of Columbia was the entire stock ownership of said O. K. Tool Co.

This action was instituted by the United States and Smith, as receiver of A.R.C., by a complaint which was entitled "Complaint for Enforcement of Lien and Appointment of Ancillary Receiver." This complaint further alleges that the action herein was "filed at the direction of the Attorney General of the United States pursuant to a request of the Commissioner of Internal Revenue because it has become necessary to seize and sell property and rights to property in satisfaction of delinquent taxes and to have the priority of liens, if any, with respect to such property determined." Also that the Commissioner of Internal Revenue "has certified, in accordance with Sec. 3678(d) of the Internal Revenue Code, that it is in the public interest that a receiver be appointed in this cause." The relief sought herein included the appointment of Smith, "the domiciliary receiver" of the A.R.C. together with the president of the O. K. Tool Company as "co-ancillary receivers of the assets and property of A.R.C. and the O. K. Tool Company, Inc., within the jurisdiction of this court." The complaint also prayed an order "determining, establishing, enforcing and foreclosing the claims, interest and liens of the plaintiff, the United States of America, and/or John Lewis Smith, Domiciliary Receiver for A.R.C., in and upon the property and assets of the defendants A.R.C. and/or the O. K. Tool Company, Inc.; ordering the sale of such property and assets in accordance with the law, course and practice of this court, and disbursing and distributing the funds resulting from such sale." Also sought was an order "determining and marshalling the liens upon the property so sold; transferring such liens to the fund or funds arising therefrom; and after payment of such administrative costs and expenses as may be approved by this court in this proceeding, distributing such funds in such manner as may be lawful and proper."

From the foregoing it is altogether plain that this court also has original jurisdiction under the provisions of the Judicial Code and the Internal Revenue Code above cited, its jurisdiction being not at all dependent upon the jurisdiction of the United States Court for the District of Columbia over the prior action. In an action such as this, brought by the United States to enforce a tax lien, it was perhaps anomalous that Smith as receiver of A.R.C. should be joined as a co-plaintiff. However, at the time the action here was brought the factory of the O. K. Tool Company was being operated by Smith as A.R.C. receiver, he having assumed control thereof on order of the court of his appointment on the strength of A.R.C. ownership of all O.K. Tool Company stock. Thus, Smith as A.R.C. receiver was a proper party in any action to foreclose a lien on O. K. Tool assets. And the mandate of Sec. 3678(b) of the Revenue Code requiring that persons having liens on the property in question or claiming interests therein should "be made parties to such proceedings and be brought into court" was as well satisfied by Smith's presence as a plaintiff by invitation as by his presence as a defendant after the issue of appropriate process. However that may be, I can discern no principle of law which holds that merely because Smith came in as a co-plaintiff on invitation of the United States and at the direction of the court in the District of Columbia the statutory juris-

diction of this court or the course of its duties under the Internal Revenue Code is thereby affected. I hold, therefore, that it is the duty of this Court under Sec. 3678(c) of the Internal Revenue Code to pay over the net estate to the United States for application on the tax liability of the O. K. Tool Company which was secured by the tax lien above referred to for the foreclosure of which this action was instituted.

██ The receiver poses the question: shall the Government "be treated as a local lien creditor or shall it be treated as a lien creditor" of A.R.C. in the District of Columbia? As to this, the proofs show an unpaid tax liability to the Government secured by lien duly filed on assets located in this district in the custody of this court which has independent jurisdiction under the Internal Revenue Code, and that said lien had been transferred to the proceeds of the assets. No rival claimant purporting to have a proprietary interest in the liened fund appears anywhere within the boundaries of the horizon. In such a situation I cannot recognize the slightest question as to the paramount right of the Government to the immediate satisfaction of its lien claim in so far as funds therefor are within the control of this court.

Even if the independent ground of jurisdiction under the Internal Revenue Code were lacking so that the proceedings here were purely ancillary, it does not follow that this court, having assumed to control liened assets, is duty-bound to remit the assets to the domiciliary court without enforcing the lien. This the receiver concedes in deference to such cases as Hilliker v. Hale, 2 Cir., 117 F. 220, and Sands v. E. S. Greeley & Co., 2 Cir., 88 F. 130. But the receiver claims that though not duty-bound to remit the local court has discretion so to do and in the situation here should do so. I question whether even a court of ancillary jurisdiction has power to remit assets subject to an outstanding lien and thus deprive the lienor of a local remedy: the receiver cites no cases in which this has been done. But even if such a court has a certain discretion as to whether it will remit or

administer, I am unable to recognize as sufficient any of the grounds here advanced for the exercise thereof. For the record here fails to show that the transfer of the assets to the domiciliary court is needed to satisfy any superior equity.

Let counsel for the United States, on notice, submit for entry findings and conclusions establishing with all requisite precision the underlying tax liability, the establishment of the lien and its foreclosure and any resulting deficiency, together with an order in the nature of a final decree of foreclosure. And the receivers may prepare to pay over in accordance with the order of foreclosure and take the necessary steps to clear their accounts and close the estate.