UNITED STATES of America for the Use and Benefit of EMPIRE CARPET CORPORATION, Plaintiff,

v.

APPALACHIAN FLOORING COMPANY, Duncan Contracting Co., Inc. and Continental Casualty Company, Defendants.

Civ. A. No. 63–998.

United States District Court
D. Massachusetts.

Nov. 4, 1964.

Benjamin M. Gottlieb, Cohn Riemer & Pollack, Boston, Mass., for plaintiff.

Herbert L. Crimlisk, Boston, Mass., Gregory Sullivan, Boston, Mass., for defendant Duncan Contracting Co. Inc.

John W. Blakeney, Blakeney & Blakeney, Boston, Mass., for defendant Continental Casualty Co.

Irving Marmer, Boston, Mass., for intervenor Meco, Inc.

SWEENEY, Chief Judge.

This is an action on a payment bond executed by the defendants Duncan Contracting Co., Inc. and Continental Casualty Company in conformance with the Miller Act, 40 U.S.C. § 270a et seq., brought by a supplier to a subcontractor of Duncan. Meco, Inc., another subcontractor of Duncan under the same contract with the United States, petitioned the court to permit it to intervene, which petition was denied. Meco, Inc., thereupon, orally moved the court for rehearing, which motion is allowed.

The original parties to the action object to the intervention on the grounds that 1) since Meco, Inc. is in receivership, the receiver, not the corporation is the proper party and 2) that this claim has no relation to the original complaint and should, therefore, be asserted in a separate action.

▮▮ Neither objection is well taken. Under the law of Massachusetts, the receiver must, in general, bring suits in the name of the corporation to recover debts due the corporation which arose prior to his appointment. Rochester Tumbler Works v. Mitchell-Woodbury Co., 215 Mass. 194, 102 N.E. 438 (1913); Wilson v. Welch, 157 Mass. 77, 31 N.E. 712 (1892). And Rule 24(b), F.R.Civ.P., 28 U.S.C., permits intervention " * * * when an applicant's claim or defense and the main action have a question of law or fact in common." Both of these claims are against the same bond. That has been held sufficient to permit intervention. U. S. for the use of Albert Pipe Supply Co. v. Harris-Harmon Well Co., 7 F.R.Serv. 24b.2, Case 6 (D.C.N.Y. 1943).

The motion to intervene is accordingly allowed.