BRIGGS (UNITED STATES v.). See Case No. 14,646.

## Case No. 1,874.

### BRIGHAM v. LUDDINGTON et al.

[12 Blatchf. 237.] [1]

Circuit Court, S. D. New York. June 26, 1874.

CREDITORS' BILL — PARTIES — FEDERAL COURTS— JURISDICTION—CITIZENSHIP.

1. S., in 1860, recovered a judgment against a Wisconsin corporation in a federal court in Wisconsin, and on a creditor's bill, filed by him thereon, in the same court, B., a citizen of Wisconsin, was, in October, 1870, appointed receiver of the property of the corporation. The corporation had, in 1857, hypothecated to L. certain notes and farm mortgages to secure notes of the corporation, held by L. This debt passed to D., who, after recovering judgment thereon, proceeded in equity against the corporation and C., in the same federal court in Wisconsin, to enforce payment of the judgment

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

out of property of the corporation in the hands of C., and obtained a decree, in May, 1870, that he recover of C. a certain sum. Subsequently, the debt to L., and the securities therefor, including the last named decree, passed to H., a defendant in this suit. In June, 1870, H. sold the debt and securities and decree, but retained the farm mortgages, until he should be released from, or indemnified against, responsibility to the corporation therefor. The decree against C. being collectable, B., as receiver, filed this bill against C. and H. to compel satisfaction of such decree, and for the delivery thereupon to him of the farm mortgages, to be applied in satisfaction of the judgment recovered by S: *Held*, that the corporation was a necessary party to this suit.

2. Although, under section 13 of the act of June 1st, 1872 (17 Stat. 198), an order could be made bringing in the corporation as a defendant, this court would then have no jurisdiction of this suit, as the plaintiff and the corporation would be citizens of the same state.

[Cited in East Tennessee, V. & G. R. Co. v. Atlanta & F. R. Co., 49 Fed. 614; Spencer v. Kansas City Stock-Yards Co., 56 Fed. 743.]

3. The plaintiff, deriving his authority from a federal court in Wisconsin, could not maintain this suit in this court.

[Cited in Olney v. Tanner, 10 Fed. 104.]

[In equity. Bill by Jerome R. Brigham, receiver of the Milwaukee and Superior Railroad Company, against Charles H. Luddington and others, to enforce a decree. Dismissed.]

Edward Salomon, for plaintiff.
Everett P. Wheeler, for Luddington.
Joseph H. Choate, for Barling and Davis.

WOODRUFF, Circuit Judge. The complainant herein files his bill as receiver of the debts, property, equitable interests and things in action of the Milwaukee and Superior Railroad Company, a corporation created by and under the laws of the state of Wisconsin. His appointment, and his authority as such receiver, are derived as follows: One William B. Smith recovered a judgment against the said railroad company, on the 9th of August, 1860, for $3,029.50, in the United States district court for the district of Wisconsin. The execution which was issued upon the said judgment was returned wholly unsatisfied. Thereupon the said Smith filed his bill in equity in the said court, as a judgment creditor, to discover rights, debts, equitable interests, property and assets of the judgment debtor, and to compel the application thereof to the payment of the said judgment. This bill was taken pro confesso against the said railroad company, November 27th, 1860. Under subsequent acts of congress, the said suit has been transferred to, and jurisdiction thereof has become vested in, the circuit court of the United States for the eastern district of Wisconsin. Thereafter, on the 15th of October, 1870, the complainant herein was, by an order of the last-named court, appointed receiver as aforesaid, and gave security for the due performance of his duty.

The nature and object of this present suit appear as follows: In 1857, the said railroad company hypothecated with the Boston Locomotive Works certain notes and mortgages upon real estate in Wisconsin, known as farm mortgages, to secure to the said locomotive works the payment of notes of the said railroad company to the amount of $18,000, given for locomotive engines. By assignment, the debt last mentioned came to Drury & Page, of Massachusetts, who recovered judgment thereon, which being unsatisfied, Drury & Page, by bill in the aforesaid circuit court, proceeded against the said railroad company, and the firm of Cross, Luddington & Scott, to enforce payment of said judgment out of property of the railroad company, alleged to have come to the hands of Cross, Luddington & Scott, and which ought to be applied to the satisfaction of the said judgment. Such proceedings were had in that suit, that, on the 2d of May, 1870, a final decree was therein rendered, by the said circuit court, that the said Drury & Page recover of Cross, Luddington & Scott, the sum of $19,110.68, with interest, amounting in all, at the date of the said decree, to $33,898.55. By subsequent assignments, &c., the debt originally due to the Boston Locomotive Works, and all securities therefor, including the last-named decree, came to the defendants in this present suit, Barling and Davis. That debt, including interest, amounted, at the date of the last-named decree, to $36,182.84. On the 18th of June, 1870, Barling and Davis sold the said debt, with all the securities held therefor, including the said decree against Cross, Luddington & Scott, but hold and still retain the farm mortgages, until they shall be released from responsibility to the railroad company, or be satisfactorily indemnified against liability or accountability therefor. It is conceded that the decree against Cross, Luddington & Scott is good and collectable. The complainant herein seeks to compel the collection of this decree and its application, or its application without actual collection, towards the satisfaction of the debt of $36,182.84, offering to pay the deficiency and any other just proper charges and demands, and prays that thereupon the aforesaid farm mortgages be delivered to him, to be by him enforced or collected for the payment and satisfaction of the said judgment in favor of William B. Smith, upon whose bill, as judgment creditor, the complainant herein was appointed receiver, as above stated.

The foregoing are all the facts which seem to be necessary to make the points hereafter considered intelligible. These points will be very briefly disposed of.

1. It is objected, that this suit is defective for want of parties, and that the presence of the Milwaukee and Superior Railroad Company is indispensable. This objection is well founded. The bill seeks a recovery of the property of that company from the hands of parties who are accountable to

the company therefor, and seeks to apply that property for the benefit of an alleged judgment creditor of the company. In such a pursuit, two things are clear: (1.) The defendants ought not to be required to surrender the property, except by a proceeding which shall operate as a full and final protection to them against any future claim by the railroad company to recover the same. A decree herein would not be conclusive against the railroad company, nor can a decree herein, granting the relief sought, be made saving the rights of the said railroad company, without leaving the defendants liable to account to the railroad company for the very property which the decree compels them to surrender. (2.) The property pursued is the property of the railroad company. The company has a direct interest in any disposition or appropriation thereof. However clear, upon the facts appearing in this suit—exhibited, so far as the company is concerned, ex parte—it may seem to be, that the complainant is entitled to the relief prayed, it is no less clear that the company has an interest in, and a right to be heard touching any interference with, or disposition of, the property in question, which may affect their future right of reclamation, and touching the terms and conditions upon which relief should be granted, and the extent to which, as the fruit of this litigation, a recovery here should enure to the satisfaction of their debt to Smith; and they have especially such interest, inasmuch as, apparently, the property sought to be recovered is more than sufficient for the satisfaction of the Smith judgment, and the surplus will belong to the company. They should be heard, also, in relation to the payment to be made to the defendants, and the charges to be allowed to the defendants, or either of them, as a condition of requiring the surrender. No decree granting the relief sought can, in this aspect of the case, be made saving the rights of the said company; for, granting the relief is adjudicating upon those rights, and thus such attempted saving would be a contradiction of the decree itself. See Florence Sewing Mach. Co. v. Singer Manuf'g Co. [Case No. 4,884], and cases there cited. It follows, that this suit cannot be maintained without making the railroad company a party.

2. It is suggested, in one of the briefs, that, if the court should be of the opinion that the Milwaukee and Superior Railroad Company is a necessary party, an order should be made directing the railroad company to be brought in as a defendant, under and by virtue of section 13 of the act of congress of June 1st, 1872 (17 Stat. 198); and that all the present parties would be satisfied with such an order, since they all desire a decree on the merits. Although that act was passed since this suit was brought, I am inclined to think it is sufficiently comprehensive to warrant such an order. But hereupon a difficulty occurs, which is fatal to any proceeding thereafter in continuance of this suit. If the railroad company be brought in as defendant, it will defeat the jurisdiction of the court over the suit itself. The complainant and one of the then defendants will be citizens of the same state—Wisconsin. I know of no mode in which this difficulty can be overcome. The question would then be one of jurisdiction, not of parties, but of the action. That jurisdiction cannot be gained even by consent of parties; and, where an action cannot be sustained between the complainant and each one of the defendants, the court has no jurisdiction of the action. Strawbridge v. Curtiss, 3 Cranch [7 U. S.] 267; Ward v. Arredondo [Case No. 17,148]; Ketchum v. Farmers' Loan & Trust Co. [Id. 7,736]; Susquehanna, etc., Coal Co. v. Blatchford, 11 Wall. [78 U. S.] 172; Northern Indiana R. Co. v. Michigan Cent. R. Co., 15 How. [56 U. S.] 233; Horn v. Lockhart, 17 Wall. [84 U. S.] 570. The act of 1872 does not prevent this result. It authorizes, in certain cases, the bringing in of parties defendant not found within the district. It prescribes a substitute for service of process, but neither enlarges nor affects the jurisdiction of the court over the action itself. If the court would not have such jurisdiction, had the defendant been found and served within the district, it cannot acquire such jurisdiction by order published as directed in that act. Neither the constitution nor the judiciary act of 1789 [1 Stat. 73], as uniformly construed by the federal courts, give jurisdiction of an action where the complainant and one of the defendants are citizens of the same state. Nor does anything in the act of 1872 warrant the suggestion that congress intended anything more than to furnish a means of obtaining jurisdiction of the person of a defendant not found within the district, in actions whereof the court, under the constitution and existing statutes, would have jurisdiction, if all of the defendants were personally served with process within the district, or voluntarily appeared. To adopt the opposite construction would lead to the absurdity, that, when a defendant voluntarily appeared, or was personally served within the district, the court would have no jurisdiction of the action; but when, by the mere accident of absence from the district, the defendant could be served by order and publication, jurisdiction would be obtained. I conclude, therefore, that an order to bring in the absent defendant would be of no advantage to the complainant.

3. I notice, without enlarging upon the subject, a further objection, viz., that the complainant, having no right or authority, except such as was conferred by an order of the circuit court of the United States for the eastern district of Wisconsin, cannot maintain this suit in this district. The opinion of the supreme court in Booth v. Clark, 17

How. [58 U. S.] 322, seems to me fully to sustain this objection. That was an action in the circuit court for the District of Columbia, by a receiver appointed under a creditors' bill filed in a court of equity of the state of New York. He was held not entitled to sue. The suggestion of counsel, that the circuit court for this district and the circuit court for the eastern district of Wisconsin derive their authority from the same government and the same federal laws, does not meet the difficulty. The decision did not proceed upon the sole ground that the jurisdiction of New York was foreign to that of the federal courts; but on the ground that such a receiver could not sue in another territorial jurisdiction. The circuit court for this district and the circuit court for the eastern district of Wisconsin each exercises a local and limited jurisdiction, and I am not able to withdraw this case from the operation of the decision of the supreme court above cited. See, on this subject, Hope Mut. Life Ins. Co. v. Taylor, 2 Rob. [N. Y.] 278.

To the suggestion of counsel, that, by the statutes of Wisconsin, receivers appointed on creditors' bills are vested with full title, and have full authority, to maintain suits, which this court ought to recognize, it must suffice to say: (1) This receiver was appointed under and by virtue of the general power of courts of equity, and with such effect only as is due to the order of the court making the appointment. He was not appointed under or by virtue of any statute. (2) The statutes of the state of Wisconsin cannot enlarge or alter the effect of an order or decree of the circuit court of the United States, nor enlarge or modify the jurisdiction of that court or its efficiency. Payne v. Hook, 7 Wall. [74 U. S.] 425.

These views render it wholly unnecessary to consider the merits of this suit or the various matters ably discussed on the hearing. I am constrained to conclude that the bill should be dismissed.