## BOTTOMS v. ST. LOUIS & S. F. R. CO.

(Circuit Court, N. D. Georgia. May 3, 1910.)

1. REMOVAL OF CAUSES (§ 19*)—FEDERAL EMPLOYER'S LIABILITY ACT—PARAMOUNT EFFECT.

An action by an employé against a railroad company to recover for a personal injury, where both parties were engaged in interstate commerce at the time of the injury, is governed by the federal employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), which supersedes all other law, and is controlling on the question of the jurisdiction of a federal court and the right of removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 37–46, 48, 52, 53; Dec. Dig. § 19.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. REMOVAL OF CAUSES (§ 12*)—FEDERAL QUESTION—NONRESIDENCE OF BOTH PARTIES—CONSENT.**

Where neither of the parties to a suit is a resident of the district, the consent of both is necessary to confer jurisdiction on a federal court, and the cause is not removable over the plaintiff's objection, whether the ground of removal is diversity of citizenship, or because the suit is based on a law of the United States.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 32. 33; Dec. Dig. § 12.*]

Action by J. A. Bottoms against the St. Louis & San Francisco Railroad Company. On motion to remand to state court. Motion granted.

Smith, Hastings & Ransom, for plaintiff.
King & Spalding and E. Marion Underwood, for defendant.

NEWMAN, District Judge. This case was removed to the Circuit Court from a state court, in which it was originally brought, and a motion is now made to remand it. In his declaration the plaintiff alleges that he was an engineer in the service of the defendant, and that the defendant railroad company was engaged in interstate commerce, and that he was engineer of a train running from Amory, Miss., to Birmingham, Ala., when his train was derailed by reason of the defective and unsafe condition of the track in several respects, more specifically alleged in the declaration.

The plaintiff is a citizen and resident of the state of Alabama and the defendant is a corporation of the state of Missouri. There is a count in the declaration omitting the statement that the petitioner and the defendant company were engaged in interstate commerce at the time of the accident; but necessarily, if both were engaged in interstate commerce at the time of the alleged injury, the employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), superseding all other law, will be controlling on the question of the jurisdiction of this court and the right of removal. It is very clear that, independently of the case being brought under the employer's liability act, there would be no right to remove to the Circuit Court for this district; the plaintiff being a citizen of Alabama, and the defendant a citizen of Missouri. Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904.

The case must be determined with reference to the rights of the parties under the employer's liability act of Congress. The point made is that the defendant railway company, having been incorporated in the state of Missouri, and consequently being an inhabitant of that state under the decisions (Macon Grocery Co. v. Atlantic Coast Line, 215 U. S. 513, 30 Sup. Ct. 184, 54 L. Ed. ——), this court would have no jurisdiction of the case originally, and consequently would not acquire jurisdiction by removal. This is clearly true, unless the contention made here by the defendant is correct; and that is that the right to raise the question as to whether this is the proper district is in the defendant alone, and that the plaintiff cannot be heard to object. If the plaintiff can make the question, and object to the jurisdiction of the

Circuit Court of a particular district over a case, where the removal is because of diversity of citizenship only, why may not the plaintiff object, and make the question as to jurisdiction where the case is removed because brought under an act of Congress? The decision of the Supreme Court in Ex parte Wisner, supra, would seem to cover as fully cases removed for the latter reason as for the former. Under the authority of the Wisner Case, without reference to other authorities, I am fully satisfied that the plaintiff here had the right to make the question by a timely motion to remand, and this he has done.

The consent of both the plaintiff and the defendant seems to be necessary, where neither of the parties is a resident of the district. Clark v. Southern Pacific Co. (C. C.) 175 Fed. 122, and cases there cited.

The motion to remand will be granted.